IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRANDON L. DALTON,

        PLAINTIFF,

v.

MARTY SUSSMAN MOTORS, INC.,

        DEFENDANT.

CIVIL ACTION NO._____

## COMPLAINT AND JURY DEMAND

Plaintiff Brandon Dalton by and through his attorneys, Bell & Bell, LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, punitive damages, attorneys' fees and other relief on behalf of Plaintiff Brandon Dalton, a former employee of Marty Sussman Motors, Inc. ("Sussman").  Mr. Dalton has been harmed by the Defendant's race and age discrimination, harassment on the basis of Mr. Dalton's race, and Defendant's retaliation for his complaints about discrimination and harassment.  This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA").

## JURISDICTIONAL STATEMENT

2. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

3. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

4. This Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

5. All conditions precedent to the institution of this suit have been fulfilled.  On May 20, 2013, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of the Right to Sue to Plaintiff.  This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.  With respect to the PHRA claims herein, a Complaint in this matter was filed with the Pennsylvania Human Relations Commission more than one year ago.

## VENUE

6. This action properly lies in the Eastern District of Pennsylvania, pursuant to 29 U.S.C. § 1391(b) because the claim arose in this judicial district.

7. Venue in the Eastern District of Pennsylvania is also authorized pursuant to 42 U.S.C. § 2000(e), et seq.

## PARTIES

8. Plaintiff Brandon Dalton is a fifty-four (54) year-old African-American male citizen and resident of Trenton, New Jersey and the United States of America.

9. Defendant Sussman was and is a corporation duly organized and existing under state law that acted as Plaintiff's employer that does significant business within the Commonwealth of Pennsylvania and is engaged in an industry affecting commerce.

10. Sussman has a location at 1543 Easton Road, Abington, Pennsylvania 19001, where Mr. Dalton was employed.

11. At all times material hereto, Defendant Sussman employed more than twenty individuals.

12. At all times material hereto, Defendant Sussman acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

13. At all times relevant hereto, Defendant Sussman acted as a "person" and "employer" within the meaning of one or more of the anti-discrimination laws at issue in this suit and is accordingly subject to the provisions of said laws.

14. At all times relevant hereto, Plaintiff Brandon Dalton was an "employee" of Sussman within the meaning of the anti-discrimination laws at issue in this suit and is accordingly entitled to the protections of said laws.

## FACTS

15. Mr. Dalton began his employment with Sussman when he was hired on or about October 30, 2006 as a salesperson.

16. During his employment with Sussman, Mr. Dalton performed his duties in a satisfactory and professional manner, achieving multiple sales commendations,

and performing consistently at or near the top of the rankings for sales amongst salespeople at the Sussman location where he worked.

17. Despite his consistent performance, Mr. Dalton was targeted by Sussman, which displayed a bias toward Mr. Dalton on the basis of his age and his race, and which permitted and fostered a racially hostile working environment.

18. Beginning in late September 2009, and continuing through his termination on or about December 28, 2009, Mr. Dalton was subjected to a racially hostile working environment and was discriminated against on the basis of his race.

19. During this time period, Mr. Dalton was subjected to racially offensive comments, racially insensitive emails sent to his work email account, and racially offensive jokes by his supervisors including, but not limited to, Jeffrey Sanders, General Manager, William DiSpirito, Sales Manager, and Joseph Sabatini.

20. Defendant's discriminatory animus, and the racially offensive atmosphere Plaintiff was subjected to are apparent from, among other things:

    a. In or around early November 2009, Mr. Sanders referred to a lot he used to work at as "poor black."

    b. Mr. Sanders told Mr. Dalton that another African American employee Otis Thornton used to steal and he referred to Mr. Thornton as a "crazy boy" in this conversation.

    c. Mr. DiSpirito sent Mr. Dalton racially offensive pictures to Mr. Dalton's work email address including a picture of Mr. Dalton that had been edited to show Mr. Dalton wearing sunglasses and a large gold chain with a gold dollar sign around his neck, and a picture of a Caucasian woman leaning

   against a tree branch that resembled a penis with the subject line, "Though[t] I saw you hanging out at the park!!!"

  d. Mr. DiSpirito also gave Mr. Dalton a picture of Tiger Woods and his ex-wife, edited to look as if Tiger Woods had been beaten severely by his ex-wife.

  e. In or around early December 2009, Mr. Dalton observed another salesperson showing a customer the racially offensive pictures that Mr. Dalton had received.

  f. Mr. Dalton also is aware that his manager, Mr. Sanders, showed the discriminatory pictures to other employees.

  g. Non-Caucasian employees were subjected to differing performance and other standards from those applied to their Caucasian counterparts.

  h. Defendant provided less or no training to non-Caucasian employees, leaving them at a disadvantage with respect to performing their jobs.

21. Mr. Dalton complained regarding the offensive racial emails he had received, and indicated to his supervisors at Sussman that he felt that he was being discriminated against and harassed on the basis of his race.

22. Mr. Dalton complained on multiple occasions, but at the very least, Mr. Dalton complained in early November 2009, and again in early December 2009, after observing a fellow salesperson showing a customer the racially offensive picture of Mr. Dalton wearing a gold chain and sunglasses.

23. After his complaints Mr. Dalton was subjected to retaliation when he was subjected to increased scrutiny and subjected to write-ups to which his younger, Caucasian counterparts were not subjected.

24. At or around the same time Mr. Dalton claims that he was being subjected to discrimination and harassment on the basis of his race, older employees, and non-Caucasian employees, including Mr. Dalton, were terminated and written up at a much higher rate than their younger and Caucasian counterparts, and the write-ups and terminations were for conduct that their younger Caucasian counterparts did not receive write-ups and/or termination for.

25. Further, and also at or around the same time Mr. Dalton alleges that he was being subjected to discrimination, harassment and retaliation, older and African American employees were purposely treated poorly in an effort to get them to quit, or set up to fail and give Defendant a legitimate justification to terminate them.

26. Sussman's policies, practices, and customs have a disparate impact on older workers and on African-American workers.

27. Specifically, Sussman's policies with respect to discipline and termination have a disparate impact on African-American and older employees in that African-American and older employees at Sussman are routinely subjected to more frequent and harsher discipline, including termination, than their Caucasian and younger colleagues.

28. Further, Sussman routinely ignores complaints of discriminatory conduct and fails to enforce anti-discrimination, anti-harassment, and/or anti-retaliation policies.

29. The treatment alleged herein that Mr. Dalton was subjected to by Sussman was motivated by discrimination on the basis of race and age, and in retaliation for Plaintiff's complaints about discrimination and harassment.

30. Sussman discriminated against and harassed Mr. Dalton in violation of Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and Section 1981.

31. Instead of appropriately investigating and addressing Plaintiff Brandon Dalton's complaints of racial discrimination and harassment, Sussman retaliated against Mr. Dalton in violation of Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and Section 1981.

32. Sussman was aware of the discrimination, harassment, and retaliation suffered by Mr. Dalton but failed to take any action to address the situation or prevent further discrimination, harassment, and retaliation.

33. Sussman has encouraged, tolerated, ratified and been deliberately indifferent to a series of actionable patterns, practices, and customs relating to training, supervision, investigation and discipline.

34. As a result of the race and age discrimination, harassment, and retaliation suffered by Mr. Dalton, Mr. Dalton suffered, and continues to suffer severe emotional distress.

35. Sussman and its agents acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Mr. Dalton severe emotional distress.

## COUNT I
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), <u>et seq.</u>)**

36. Plaintiff Brandon Dalton repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

37. Based on the foregoing, Defendant Sussman engaged in unlawful employment practices in violation of Title VII.

38. In discriminating against, harassing, and retaliating against Mr. Dalton because of his race and because of his complaints about racial discrimination and harassment, Defendant Sussman violated Title VII of the Civil Rights Act of 1964.

39. Defendant's facially neutral policies, practices, and customs regarding promotions, discipline and the reporting and investigation of employee complaints of discrimination and harassment had a disparate impact on African-American employees in violation of Title VII.

40. Said violations were intentional and willful.

41. Said violations warrant the imposition of punitive damages.

42. As the direct and proximate result of Defendant's violations of Title VII, Plaintiff Brandon Dalton has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

43. Plaintiff Brandon Dalton is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT II
### (Civil Rights Act of 1866, 42 U.S.C. § 1981)

44. Plaintiff Brandon Dalton repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

45. Based on the foregoing, Defendant Sussman has engaged in unlawful employment practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

46. In discriminating against, harassing and retaliating against Mr. Dalton because of his race and because of his complaints about racial discrimination and harassment, Defendant Sussman violated the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

47. Said violations were intentional and willful.

48. Said violations warrant the imposition of punitive damages.

49. As the direct and proximate result of the Defendant's violation of Section 1981, Plaintiff Brandon Dalton has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

50. Plaintiff Brandon Dalton is now suffering and will continue to suffer irreparable harm and monetary damages as a result of the Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT III
### (Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.)

51. Plaintiff Brandon Dalton repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

52. Plaintiff Brandon Dalton is over forty years of age and an individual within the class protected by the Age Discrimination in Employment Act.

53. In discriminating against Plaintiff Brandon Dalton because of his age and retaliating against Plaintiff because of his complaints of age discrimination, Defendant Sussman violated the Age Discrimination in Employment Act.

54. Defendant Sussman engaged in an intentional effort to discriminate against and harass older employees.

55. Defendant Sussman intentionally discriminated against and harassed Plaintiff Brandon Dalton because of his age.

56. Defendant Sussman's policies, practices, and customs regarding termination, discipline and the reporting and investigation of employee complaints of discrimination and harassment had a disparate impact upon employees over the age of forty at Sussman.

57. As the direct result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Brandon Dalton has sustained a loss of earnings, loss of future earning power, as well as back pay, front pay, and interest due thereon.

58. Plaintiff Brandon Dalton is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT IV
### (Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.)

59. Plaintiff Brandon Dalton repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

60. Based on the foregoing, Defendant Sussman has engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

61. In discriminating against, harassing, and retaliating against Mr. Dalton because of his race and age and because of Plaintiff's complaints about race and age discrimination and harassment, Defendant violated the Pennsylvania Human Relations Act.

62. Defendant's policies, practices, and customs regarding promotions, discipline and the reporting and investigation of employee complaints of discrimination and harassment had a disparate impact on African-American employees and

employees over the age of 40 in violation of the Pennsylvania Human Relations Act.

63. As the direct and proximate result of the Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff Brandon Dalton has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

64. Plaintiff Brandon Dalton is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

65. Plaintiff Brandon Dalton repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Sussman:

    a. Declaring that the acts and practices complained of herein violate Title VII;

    b. Declaring that the acts and practices complained of herein violate Section 1981;

    c. Declaring that the acts and practices complained of herein violate the ADEA;

    d. Declaring that the acts and practices complained of herein violate the PHRA;

e. Awarding compensatory damages to Plaintiff Brandon Dalton to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's conduct;

f. Awarding compensatory damages to Plaintiff Brandon Dalton for past and future emotional upset, mental anguish, loss of reputation, humiliation, loss of life's pleasures and pain and suffering;

g. Awarding punitive damages to Plaintiff Brandon Dalton;

h. Awarding liquidated damages to Plaintiff Brandon Dalton;

i. Awarding Plaintiff Brandon Dalton costs of this action together with his reasonable attorneys' fees;

j. Awarding Plaintiff Brandon Dalton such other damages as are appropriate under Title VII, Section 1981, the ADEA, and the PHRA; and

k. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Brandon Dalton hereby demands trial by jury as to all issues so triable.

                                                                             /s/ James A. Bell IV
                                                            James A. Bell IV, Esquire
                                                            PA Attorney I.D.# 81724
                                                            Christopher A. Macey, Jr., Esquire
                                                            PA Attorney I.D.# 207800
                                                            Bell & Bell LLP
                                                            1617 JFK Blvd. – Suite 1020
                                                            Philadelphia, PA 19103
                                                            (215) 569-2500

                                                            Attorneys for Plaintiff
                                                            Brandon Dalton

DATED:       August 16, 2013